UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
_____
UNITED STATES OF AMERICA    )
                            )
v.                          )   NO.   05-10024-DPW
                            )
JESSICA BUDD                )
_____)
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS
STATEMENTS

The Court should suppress statements from Jessica Budd Martin because they were elicited in the absence of her attorney in violation of her Sixth Amendment right to counsel. The statements were, moreover, involuntary inasmuch as they resulted from promises or inducements which, in the totality of circumstances, constituted "coercive police activity". Colorado v. Connelly, 479 U.S. 157, 167 (1986).

Background

Jessica Budd Martin was initially charged on July 29, 2004, in the Salem District Court, Salem, Massachusetts, with two counts of receiving stolen property (Docket No. 0436CR2821A-B). The case was continued on numerous occasions for hearing at the request of the prosecution. On the last occasion, on February 11, 2004, the Defendant appeared in court with her husband and they were sent to the second session of the Salem District Court for hearing. While waiting for their attorneys and for the case to be called, both the Defendant and her husband were arrested by FBI agents on the instant charges and taken to the holding cells in the basement of the courthouse.

While in a detention cell, Jessica Budd Martin was questioned in the absence of her attorney by FBI agents. Knowing that she was concerned about her nine year old child at school, the agents promised her that if she cooperated and answered questions, they would make sure she got home. She subsequently agreed to talk to the agents.

## Argument

### Sixth Amendment Violation

When Defendant was questioned by FBI agents, she had retained counsel who was neither present nor notified of her interrogation. Any resultant statements should be suppressed as violative of her Sixth Amendment right to counsel. See Michigan v. Jackson, 475 U.S. 625, 636 (1986). A Miranda waiver, under these circumstances, is invalid. Id. Cf. Maine v. Moulton, 474 U.S. 159, 171 (1985) ("prosecutor and police have an affirmative obligation not to act in a manner that circumvents and thereby dilutes the protection afforded by the right to counsel").

While the Supreme Court has held the Sixth Amendment to be "offense specific" [McNeil v. Wisconsin, 501 U.S. 171, 175 (1991)], it has also recognized that the definition of an offense "is not necessarily limited to the four corners of a charging instrument". Texas v. Cobb, 532 U.S. 162, 172-173 (2001). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there were two offenses or only one, is whether each provision requires proof of a fact which the other does not". Blockberger v. United States, 284 U.S. 299, 332 (1932). For the state court prosecution of receiving stolen property the government must prove that the Defendant received stolen property knowing it to be stolen. See generally, Nolan and Sartorio, 32 Mass. Practice §361 (2001, 3rd ed.).

2

While here the Federal prosecution requires proof of facts which the state prosecution does not, the state prosecution does not require proof of facts beyond what the Federal charges of mail fraud or wire fraud require, i.e., the knowing receipt of stolen property. The state charges are subsumed within the Federal charges, and are, therefore, deemed to be "the same offense".  Texas v. Cobb, supra at 173.

This court should reject application of the so-called "dual sovereignty" doctrine to the circumstances of this case.  See United States v. Mills, 412 F.3d 325, 330 (2nd Cir. 2005).  That doctrine holds that the federal government as a separate sovereign may re-prosecute a defendant after an unsuccessful state prosecution for the same crime without offending the Double Jeopardy Clause.  See U.S. v. Avants, 278 F.3d 510, 516 (5th Cir. 2002).  In the Avants case, the court applied the "dual sovereignty" doctrine to admit uncounseled statements elicited by federal agents in a federal prosecution, despite defendant's representation by counsel on identical state charges.  As the court in Mills, supra, points out, however, "a dual sovereignty exception, would permit one sovereign to question a defendant whose right to counsel had attached, to do so in the absence of counsel and then to share the information with the other sovereign without fear of suppression".  Id. at 330.  See also, United States v. Red Bird, 287 F.3d 709, 715 (8th Cir. 2002).  In this case the application of the "dual sovereignty" doctrine to admit defendant's statements would circumvent the defendant's right to counsel in a situation where the state and federal prosecutions were "inexorably intertwined".  United States v. Bowlson, 240 F. Supp. 2d 678, 684 (E.D. Mich. 2003); compare, United States v. Coker, 298 F. Supp 2d 184 (D. Mass. 2003) (court applies "dual sovereignty" doctrine to admit statements where no evidence that federal authorities dominated or manipulated the state

prosecution, that one prosecution was a sham, or that one sovereign was acting as a tool of another).

### *Fifth Amendment Violation*

The Defendant's rights were also violated under the Fifth Amendment, and her statements rendered involuntary, by the FBI agents' promises or implied threats to the Defendant. While the Defendant was advised of her Miranda rights, her alleged waiver of rights was not voluntary. See Miranda v. Arizona, 384 U.S. 436, 476 (1966) ("any evidence that the accused was threatened, tricked or cajoled into a waiver [of Miranda rights] will of course show that the defendant did not voluntarily waive [her] privilege").

The Defendant was taken into custody and placed into a holding cell, cut off from her attorney and her husband.  She had a nine-year old daughter who lived with her.  She expressed concern to the agents about her daughter.  The agents promised her that she would be released if she cooperated with them and answered their questions.  The implication of the agents' statement was that if Defendant did not cooperate she would not be released.  Statements made by a vulnerable and concerned mother after such coercive police action cannot be deemed voluntary, nor could there be a valid waiver of Miranda rights.  Cf.  Lynumn v. Illinois, 372 U.S. 528, 529-534 (1963) (statements made after police told defendant her children would be taken away from her if she didn't cooperate deemed involuntary); compare, United States v. Jackson, 918 F.2d 236, 241-242 (1st Cir. 1990) (stated desire to protect sister does not render statement involuntary where defendant himself not subjected to direct threats or promises).

<u>Conclusion</u>

Because the statements of Defendant were elicited in violation of her Sixth Amendment right to counsel and Fifth Amendment privilege against self-incrimination, they should be suppressed from evidence, along with the fruits of any such statements.

DEFENDANT
By her attorney

/s/John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: January 18, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on January 19, 2006.

/s/John F. Palmer
