UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA   )
                                       )
v.                                      )    NO.    05-10024-DPW
                                       )
JESSICA BUDD                    )
_____)

MOTION FOR REVOCATION OF ORDER OF DETENTION PURSUANT TO
18 U.S.C. §3145(b)

Now comes Defendant Jessica Budd and moves this Honorable Court to revoke the order of detention initially entered on April 6, 2006, and to release her upon amended conditions.  See 18 U.S.C. §3145(b).

In support of this motion, Defendant avers as follows:

1. The Defendant appeared before the Court on February 11, 2005, was arraigned on a four-count indictment charging mail and wire fraud and abetting, and was released on conditions.

2. On March 2, 2006, the Defendant appeared before the Court for a change of plea hearing, and the case was continued for sentencing on May 30, 2006.

3. On March 2, 2006, at the instigation of Defendant, her conditions of release were amended to include drug testing and treatment as directed by Pre-trial Services.  Defendant was entered into the Gosnold Treatment Center.

4. On April 6, 2006, Defendant was brought before the Court (Dein, M.J.) on an arrest warrant for violation of the terms of her release, i.e., termination from Emerson House for drug use.  The Court revoked Defendant's release and

ordered her detained, but noted that the Court would "consider [a] motion [for release] in the future."

5. On April 26, 2006, Defendant filed a Motion for Hearing on Release, seeking release on condition that Defendant enter a drug treatment facility. A hearing on the motion was scheduled for May 1, 2006.

6. At the hearing on May 1, 2006, Defendant proffered that Defendant had been admitted into Stepping Stone, a drug treatment facility in Fall River, and that there was also a bed available at the Center for Addictive Behavior (CAB) in Danvers until 4:00 p.m. on Friday, May 5, 2006, and that Defendant's mother was willing to transport Defendant to CAB.

7. The Court (Dein, M.J.) denied Defendant's motion, ruling that the Defendant had not shown that she would be able to remain drug-free, which would be a condition of any release.

8. Defendant has been incarcerated now for almost one month without benefit of drug treatment at MCI Framingham. The Stepping Stone program is an acceptable treatment program which will address Defendant's drug addiction problems. The Magistrate Judge erroneously found that such facility will not reasonably enable Defendant to abide by conditions that she not use drugs.

Wherefore, Defendant requests a prompt hearing before the District Court, to determine whether she should be released on conditions.

DEFENDANT
By her attorney

/s/John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: May 2, 2006

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on May 2, 2006.

/s/John F. Palmer