UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10024-DPW |
| | ) | |
| **CHARLES MARTIN** and | ) | |
| **JESSICA BUDD** | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT BUDD'S MOTION FOR REVOCATION OF THE ORDER OF DETENTION

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, opposes Defendant Budd's motion for Revocation of the Order of Detention.

Defendant Budd was initially arraigned on this case in February of 2005. At that time, she was released pending trial. On March 2, 2006, she pled guilty before the Hon Judge Douglas P. Woodlock. Sentencing in this matter is scheduled for May 30, 3006. According to the draft Presentence Report, Defendant Budd's guideline sentencing range is between 15 and 21 months imprisonment.

Also on March 2, 2006, Defendant Budd voluntarily entered into a drug testing and treatment program at Gosnold Treatment Center.[1] While at Gosnold, defendant absented herself from the program for several hours without permission, used drugs, and lied to program staff. As a result, she was kicked out of the program.

---

[1] Though Defendant Budd's offer to go into the drug treatment program was voluntary, it was made only after she had been arrested by state authorities for a new theft, in violation of her conditions of release. By volunteering to go into drug treatment, Defendant Budd avoided a hearing that would have determined whether her commission of a new offense while on release ought to result in the revocation of her conditions of release.

The Gosnold program requires that at least 60 days elapse before someone who fails from the program is allowed to reapply to the program. These 60 days will not run until after the scheduled sentencing in this matter. Moreover, any drug treatment program for which the defendant would be eligible would run for at least 60 days. Given that sentencing is scheduled for less than 30 days from now, it is not possible for the defendant to complete any such program prior to the sentencing.

Given defendant's failure at Gosnold and her failure to follow the conditions of her pretrial release, the Government opposes her Motion for Revocation of the Order of Detention.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney
By:

/s/ Seth P. Berman
SETH P. BERMAN
Assistant U.S. Attorney
(617) 748-3385

Dated: May 3, 2006